IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAHEED MUHAMMAD, ) ) Plaintiff, ) ) v. ) ) THOMAS DART, Cook County Sheriff, and ) COOK COUNTY, a municipal corporation, ) ) ) Defendants. ) | JURY DEMANDED<br><br>CLASS ACTION REQUESTED |

## COMPLAINT

NOW COMES the Plaintiff, Shaheed Muhmmad, by and through his attorneys, Dvorak Law Offices, LLC, and complains against the Defendants, the Cook County Sheriff's Office and Cook County as follows:

### Jurisdiction and Venue

1. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

3. Plaintiff Shaheed Muhammad is a resident of Cook County, Illinois.

4. Defendant Cook County Sheriff Thomas Dart has general administrative authority over the operations, policies, and procedures of the Cook County Department of Corrections ("CCDC").

## Facts

5. This is an action for money damages and declaratory relief brought pursuant to 42 U.S.C. § 1983.

6. The Plaintiff, individually and on the behalf of the class he seeks to represent, alleges violations of rights under the First Amendment Free Exercise clause of the United States Constitution.

7. This proposed class-action suit is based on a Cook County Department of Corrections' policy that requires religious accommodations for the month of Ramadan to be requested prior to the start of religious holidays, even when the holiday is more than one day and the Plaintiff was not in custody prior to the start of the holiday.

8. Defendant Dart is being sued based on a *Monell* theory of liability based on the policies, practices and procedures created by the Cook County Sheriff's Office and implemented by the Cook County Department of Corrections, which is under his jurisdiction, and referenced in this Complaint.

9. On May 20, 2019 the Plaintiff, Shaheed Muhammad, was arrested and taken first to Division 10, and then to Division 11 of CCDC for charges unrelated to the incidents underlying this Complaint.

10. The Plaintiff is not in custody at the time of the filing of this Complaint.

11. The Plaintiff is a practicing follower of Islam, and due to his religious beliefs, he fasts from sunrise to sunset during the month of Ramadan.

12. Fasting during the month of Ramadan is one of the five required tenants of Islam.

13. In 2019, Ramadan fell from approximately May 6 to June 4 in 2019.

14. Because Islam follows a lunar calendar, the start and end dates of Ramadan vary from year to year.

15. In 2020, Ramadan is scheduled to begin on April 23 and last to May 23.

16. Although the Plaintiff is no longer in custody, the proposed class would include individuals who will not be allowed to request special meals during Ramadan of 2020 if they are arrested after the beginning of Ramadan.

17. Fasting during Ramadan entails not consuming any food or drink from sunrise to sunset, or from approximately 3 a.m. to 8:15 p.m. in 2019.

18. CCDC policy requires that any inmate who wishes to fast during Ramadan make a request for meal accommodations prior to the start of the holiday.

19. The accommodations for these inmates includes giving the pre-trial detainees meals prior to sunrise, at approximately 3 a.m. and after sunset, at approximately 8:15 p.m.

20. If one were to eat at the regular mealtimes, all of the meals would be served during the time period in which practicing Muslims should be fasting, and thus one would not be able to eat at all during Ramadan without the accommodation.

21. Accommodating practicing Muslims during Ramadan does not require a change of meals; only the time that the meals are served.

22. Due to the CCDC's policy enforcing mealtimes for all other inmates, it is impossible to fast unless a request is made for accommodations prior to the start of the holiday.

23. Thus, if a person were admitted to any of the CCDC facilities at any time after the first day of Ramadan, they would be denied the ability to participate, as they would be unable to make a request for special meal accommodations prior to the start of the holiday.

24. The Plaintiff was continuously held in CCDC facilities from May 20, 2019 to June 5, 2019, when he was released.

25. During the time that the Plaintiff was in the custody of CCDC he was denied the ability to participate in Ramadan because the policy of CCDC prevented him from being able to make a request prior to his incarceration.

26. The only way for the Plaintiff to have been able to make a request for accommodations in time would have required him to know that he would be in custody prior to May 6, two weeks before his arrest.

27. Because the Plaintiff was not arrested until May 20, 2019, approximately two weeks after Ramadan had begun, he was informed that his request would be denied because it was too late to request accommodations as Ramadan had already started.

28. The Plaintiff was unable to receive his meals before sunrise and after sunset, as other Muslim inmates who had been in CCDC prior to May 6, 2019.

29. There was sufficient time for CCDC to accommodate his need for fasting meals, but because of the CCDC policy, the Plaintiff and others similarly situated were denied the right to observe his and/or their religious obligations.

30. The CCDC policy at issue in this Complaint was not reasonable in regard to accommodating those who fast during the month of Ramadan.

31. Count I of the Complaint is brought as a class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure as the Cook County Sheriff's Office has acted on in a way that is generally applicable to the class, thereby making appropriate declaratory relief with respect to the class a whole on Count I of this Complaint. The Plaintiff seeks to represent a class of similarly situated persons who were or may be detained in the Cook County Department of Corrections.

## Class Allegations

32. Pursuant to Fed. R. Civ. P. 23(b)(2), the named Plaintiff seeks certification of Count I of this complaint as a class action. The named Plaintiff seeks to represent a class consisting of:

> All CCDC practicing Muslim pre-trial detainees arrested after the start of Ramadan who were or will be in the future be denied their request for Ramadan meal time accommodations pursuant to the CCDC policy that requires such accommodation requests be made before the start of Ramadan.

33. The Plaintiff Class seeks a declaration that CCDC policy and/or practice of not allowing practicing Muslims arrested after the start of Ramadan to

request meal-time modifications is unconstitutional because it results in routine violations of class members' First Amendment right to the free exercise of religion.

34. The Plaintiff Class also seeks an order declaring that this policy is unconstitutional in violation of the proposed Class' First Amendment rights.

35. The proposed class is numerous. According to the Sheriff's website, on May 20, 2019, there were 7,964 pre-trial detainees at the Cook County Jail.

36. Based on Cook County demographics, and without knowing the actual population of practicing Muslims in the Cook County Jail during May and June of 2019, is estimated the proposed Class may be between 50 and 100.

37. Joinder of all class members is impracticable. Not only is the class numerous, but membership in the class is also constantly changing.

38. There are questions of law and fact common to all class members. All individuals falling within the class definition have been subject to the same policy and practice. Given the commonality of the questions pertinent to all class members, a single declaratory judgment and/or money damages judgment would provide relief to each member of the class.

39. Defendant Dart has acted and continues to act in a manner adverse to the rights of the proposed class, making final declaratory relief appropriate with respect to the class as a whole.

40. Plaintiff and the class he seeks to represent has been directly injured by Defendant Dart's policies and practices and members of the class are

currently at risk of future harm from the continuation of these policies and practices.

41. Plaintiff will fairly and adequately represent the interests of the class and the Plaintiff's claim is typical of the claims of all members of the proposed class.

42. Plaintiffs' counsel is experienced in civil rights litigation, including *Monell* claims, civil rights class actions, actions involving multiple Plaintiffs in one action, and First Amendment actions. Plaintiffs' counsel will fairly and adequately represent the interests of the class.

**Count I**
**42 U.S.C. § 1983: First Amendment *Monell* Claim**
**Plaintiff, and others similarly situated v. Sheriff Dart**

43. Each of the previous paragraphs is reinstated herein.

44. A person has the right under the First Amendment to freely exercise his or her religion without interference by a person or institution acting under color of law.

45. Defendant Dart is responsible for the policies and practices of the Cook County detention facilities, including at the Cook County Department of Corrections' detention centers, and ensuring that all inmates religious beliefs be accommodated.

46. However, CCDC created policies and procedures which prevented the Plaintiff from being able to fast and therefore prevented him from being able to practice one of the key tenants of his religion.

47. The Plaintiff made a reasonable request for accommodations to receive meals before sunrise and after sunset, as other Muslim inmates did while in the Cook County Detention centers.

48. The Plaintiff's requests were denied by the Cook County Sheriff officials in charge at the facilities pursuant to a CCDC policy requiring that requests for religious accommodations be made prior to the start to a religious holiday.

49. This policy makes it impossible for those who are taken into custody after the holiday starts, as it is impossible for them to know that such requests must be made prior to their detention.

50. CCDC refused to make the accommodation for the Plaintiff even though there were two weeks left of Ramadan, and all that the request entailed was to serve the Plaintiff meals at different times, as they were already doing with other detainees who had been able to make the request prior to the start of Ramadan.

51. The Plaintiff brings this suit as a class action pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure because the Defendant City of Chicago has acted on grounds generally applicable to the Plaintiff, individually, and other similarly situated persons, and seeks injunctive and declaratory relief against the Cook County Sheriff and the Cook County Department of Corrections.

52. As a result, the Plaintiff, and others who are similarly situated, have been prevented from freely exercising their religion due to the practices and policies of the Defendants.

### Count II
### Indemnification
### Plaintiff v. Cook County

53. Each of the previous paragraphs is reinstated herein.

54. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

55. Defendant Cook County is the indemnifying entities for the actions of Sheriff Dart.

56. Thus, the Plaintiff seeks indemnification from Cook County.

WHEREFORE the Plaintiff demands judgement against Defendants for compensatory damages, plus the costs of this action and attorneys' fees, and other such additional relief as this Court deems equitable and just.

### PLAINTIFF DEMANDS A TRIAL BY JURY

                                                  Respectfully Submitted,

                                                  s/Richard Dvorak
                                                  For the Plaintiff

Richard Dvorak
Mariam Fatima Hai
*Dvorak Law Offices, LLC*
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
P: (630) 568-3190
F: (312) 873-3869
richard.dvorak@civilrightsdefenders.com
mariam.hai@civilrightsdefenders.com